# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL PULIDO,<br><br>                    Plaintiff,<br><br>     v.<br><br>F. IGBINOSA, et al.,<br><br>                    Defendants. | CASE NO. 1:11-cv-01711-DLB PC<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

**I.      Background**

Plaintiff Rafael Pulido ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On October 14, 2011, Plaintiff filed his complaint. ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II. Summary of Complaint

Plaintiff is incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the events giving rise to this action occurred. Plaintiff names the following individuals as Defendants: F. Igbinosa, health care manager and medical doctor at PVSP; Barry J. Green and Randolph Wilson, III, PA-C at PVSP; and T. Vaysman, R.N. at PVSP.

Plaintiff alleges the following. Plaintiff made a medical request to Defendant Barry Green. Plaintiff complained of having bullet fragments in his left hand that were causing Plaintiff a lot of pain and discomfort. Based on Plaintiff's submitted exhibits, this wound occurred in 2005. Pl.'s Compl., pp. 14-15. A doctor had recommended surgery at some point to remove the bullet pieces, but instead of doing something, Defendant Green cut off Plaintiff's pain medication for Tylenol #3 and Neurontin, finding nothing wrong with Plaintiff's arms.

Based on Plaintiff's exhibits, Plaintiff had a pre-existing injury which occurred in February 22, 2008 in Delano, California, when Plaintiff fractured his right hand, but the wound had healed. Pl.'s Compl., pp. 14-15. Plaintiff fell down at some point, hurting his right arm. Plaintiff reported this to Defendant Vaysman, who checked and found nothing wrong with it. She determined that Plaintiff was receiving the right pain medication. Based on Plaintiff's submitted exhibits, Plaintiff received naproxen for his pain. Plaintiff saw Defendant Wilson and informed him of his issues with his right forearm and left hand. Defendant Wilson provided

Plaintiff Tylenol #3 for ten days, also concluding that nothing was wrong and Plaintiff needed rest only.  Defendant Igbinosa is liable because he is responsible for medical treatment at PVSP.

Plaintiff contends that Defendants violated Plaintiff's right to be free from cruel and unusual punishment in violation of Eighth Amendment.  Plaintiff requests monetary damages and that CDCR medical staff be properly trained and professionally qualified.

### III. Analysis

The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted).   A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard."  *Toguchi*, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff fails to state a claim against any Defendants.  Plaintiff complains of chronic pain in his left hand right forearm, which is sufficient to satisfy the objective prong.  Farmer, 511 U.S. at 834.  As to Defendant Green, Plaintiff complains that Defendant Green removed Plaintiff from his Tylenol # 3 and Neurontin medication, finding that there was nothing wrong with Plaintiff's

arms.  Plaintiff submits an inmate grievance as an exhibit in support, in which Plaintiff complains that Defendant Green had removed Plaintiff from his pain medication without examining Plaintiff or his medical history.  Based on that allegation, Plaintiff fails to allege facts which indicate that Defendant Green knew of and disregarded a serious medical need.  Defendant Green did not know of Plaintiff's serious medical need, and thus could not be deliberately indifferent.

Plaintiff fails to state a claim against Defendant Vaysman.  Defendant Vaysman examined Plaintiff after he had fallen, and determined that Plaintiff was receiving the proper medication and nothing was wrong with Plaintiff's arms.  If Plaintiff is contending that Defendant Vaysman misdiagnosed Plaintiff's injury, Plaintiff does not state a valid Eighth Amendment claim.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Plaintiff fails to state a claim against Defendant Wilson.  Defendant Wilson actually provided Plaintiff with the medication that he had requested.  If Defendant Wilson acted reasonably in response to Plaintiff's serious medical need, then Defendant Wilson is not liable for an Eighth Amendment violation.  *Farmer*, 511 U.S. at 844 ("[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted.").  Plaintiff states at most a difference of opinion between a medical professional and a prisoner, which fails to state a claim.  *Toguchi*, 391 F.3d at 1060.

Plaintiff fails to state a claim against Defendant Igbinosa.  Plaintiff's exhibits indicate that Defendant Igbinosa responded to Plaintiff's grievance concerning this action at the second level of review, partially granting it.  Pl.'s Compl., pp. 9-10.  Defendant Igbinosa partially granted the grievance insofar as Plaintiff's medical complaint was reviewed by several other physicians who deemed the medication regimen to be medically appropriate.  Based on this exhibit, it appears that Defendant Igbinosa acted reasonably in response to Plaintiff's serious medical need.

To the extent that Plaintiff seeks to establish liability based on Defendant Igbinosa's supervisory role, Plaintiff fails to state a claim.  The term "supervisory liability," loosely and

commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 556 U.S. at 677. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 676. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct. *Id.* When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff fails to allege facts which demonstrate that Defendant Igbinosa personally participated in an alleged deprivation of constitutional rights or knew of constitutional violations and failed to act to prevent them.

### IV.     Conclusion and Order

Plaintiff fails to state any cognizable federal claims against any Defendants. The Court will provide Plaintiff with one opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567

1  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded
2  pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original
3  complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567
4  (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*,
5  114 F.3d at 1474.

      Accordingly, based on the foregoing, it is HEREBY ORDERED that:

      1.  The Clerk's Office shall send Plaintiff a complaint form;

      2.  Plaintiff's complaint is dismissed for failure to state a claim, with leave to serve and file a first amended complaint within **thirty (30) days** from the date of service of this order; and

      3.  If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated: **July 30, 2012**          /s/ Dennis L. Beck
                                            UNITED STATES MAGISTRATE JUDGE