# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL PULIDO, | Case No. 1:11-cv-01711-DLB PC |
| Plaintiff, | **ORDER DISMISSING ACTION FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO STATE A CLAIM** |
| v. | |
| F. IGBINOSA, et al., | ECF Nos. 6, 7 |
| Defendants. | |

Plaintiff Rafael Pulido ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  On October 14, 2011, Plaintiff filed his complaint.  ECF No. 1.  On July 30, 2012, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and § 1915(e)(2)(B) and found that it failed to state a claim.  ECF No. 6.  Plaintiff was provided the opportunity to file an amended complaint within thirty days.  Plaintiff did not respond.  On September 14, 2012, the Court issued an order for Plaintiff to show cause why this action should not be dismissed for failure to obey a court order and failure to state a claim.  ECF No. 7.  Plaintiff was provided twenty-one days in which to respond.  As of the date of this order, no response was filed.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to

1   control their dockets and "in the exercise of that power, they may impose sanctions including, where

2   appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986)

3   (per curiam). A court may dismiss an action, with prejudice, based on a party's failure to prosecute

4   an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g.*, *Ghazali v.*

5   *Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v.*

6   *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

7   requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

8   (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of

9   address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to

10   comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for

11   failure to lack of prosecution and failure to comply with local rules).

12          In determining whether to dismiss an action for lack of prosecution, failure to obey a court

13   order, or failure to comply with local rules, the court must consider several factors: (1) the public's

14   interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk

15   of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

16   (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at

17   1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

18          In the instant case, the Court finds that the public's interest in expeditiously resolving this

19   litigation and the Court's interest in managing the docket weigh in favor of dismissal  This action

20   has been pending for over one year. The third factor, risk of prejudice to defendants, also weighs in

21   favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in

22   prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor --

23   public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in

24   favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the

25   court's order will result in dismissal satisfies the "consideration of alternatives" requirement.

26   *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's

27   order expressly stated: "If Plaintiff fails to show cause or otherwise timely respond, the Court will

28   dismiss this action for failure to obey a court order and failure to state a claim." Thus, Plaintiff had

adequate warning that dismissal would result from his noncompliance with the Court's order.

Accordingly, it is HEREBY ORDERED that this action is dismissed with prejudiced for failure to obey the Court's September 14, 2012 Order and for failure to state a claim upon which relief may be granted.  The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:   **October 31, 2012**                                    /s/ *Dennis L. Beck*
UNITED STATES MAGISTRATE JUDGE